# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 18, 2012

Lyle W. Cayce
Clerk

No. 11-50984
c/w No. 11-50985
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE SANTOS DELCI-CRUZ,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:09-CR-1068-1
USDC No. 2:11-CR-175-1

Before CLEMENT, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jose Santos Delci-Cruz pleaded guilty to one count of illegal reentry into the United States, and the district court imposed a within-guidelines sentence of 25 months in prison and a three-year term of supervised release. The district court also revoked the term of supervised release imposed upon Delci-Cruz for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50984
c/w No. 11-50985

a prior offense and sentenced him to serve 10 months in prison, to run consecutively to the 25-month sentence, for a total of 35 months in prison.

Now, Delci-Cruz argues that his sentence is unreasonable because it exceeds that necessary to reach the goals of 18 U.S.C. § 3553(a). He contends that imposing his revocation sentence to run consecutively to his illegal reentry sentence was more than needed to punish his revocation violation, which he characterizes as a breach of the court's trust, given that he is uneducated, had a difficult childhood, and is trying to support his children.

Because Delci-Cruz did not object to the reasonableness of his sentence in the district court, the plain error standard of review applies to this claim. *See United States v. Davis*, 602 F.3d 643, 646-47 (5th Cir. 2010). To receive relief under this standard, one must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* Delci-Cruz has not made the requisite showing.

Our review of the record shows that the district court was aware of the factors that Delci-Cruz now argues merit a lesser sentence but, unlike Delci-Cruz, did not believe that these factors merited concurrent, rather than consecutive, sentences. Delci-Cruz's arguments to this court are, at their heart, a simple disagreement with the propriety of the district court's weighing of the pertinent sentencing factors. This does not show error in connection with his sentence. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). The judgments of the district court are AFFIRMED.